All concur.

---

## McARTHUR BROS. CO. v. KERR.

(Supreme Court, Appellate Division, Fourth Department. March 5, 1913.)

INDEMNITY (§ 11*)—CONTRACT—CONSTRUCTION—LIABILITY OF INDEMNOR.

> A surety company having executed a bond for the benefit of subcontractors received a contract of indemnity from testatrix, providing that she would pay the surety company or its representatives all damages which such company or its representatives should become responsible for on its bond before the company or its representatives should be compelled to pay the same, any sum so paid to be applied to the payment of such damages. *Held*, that the contract was one of strict indemnity, and hence the surety company having assigned all its rights under such contract to plaintiff in full satisfaction of a judgment recovered by plaintiff on the surety bond, without ever having to pay any money by reason of such judgment, plaintiff could not recover on the contract.
>
> [Ed. Note.—For other cases, see Indemnity, Cent. Dig. §§ 21–25; Dec. Dig. § 11.*]
>
> McLennan, P. J., and Kruse, J., dissenting.

Appeal from Trial Term, Erie County.

Action by the McArthur Bros. Company against Edward W. Kerr, executor of the estate of Mary Grage. From a judgment of nonsuit, plaintiff appeals. Affirmed.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued before McLENNAN, P. J., and KRUSE, FOOTE, ROB-SON, and LAMBERT, JJ.

Thomas E. Lawrence, of Buffalo (Charles J. Staples, of Buffalo, on the brief), for appellant.

Frank A. Abbott, of Buffalo, for respondent.

LAMBERT, J. The action grows out of the following facts: McArthur Bros. Company was a general contractor for the building of a portion of a line of railroad. That concern sublet a portion of their contract to La Morte & McCabe, and required of the subcontractors a surety bond for the faithful performance of their contract. Such bond was written by the Fidelity & Deposit Company of Maryland in July, 1903. The Surety Company required of the subcontractors an agreement for its protection against loss upon the bond, and received July 6, 1903, the contract, executed by Mary Grage, respondent's testatrix, which forms the basis of the action. La Morte & McCabe apparently abandoned their contract prior to its completion, and McArthur Bros. Company brought action upon the surety bond in the court of common pleas of Clearfield county, Pa. Notice of the commencement of this action was timely served upon Mary Grage, with the demand that she defend the same. So far as appears, she took no part in the action, and on the 13th day of September, 1906, judgment was rendered in that action against the Surety Company, and in favor of McArthur Bros. Company, for the sum of $2,000. On the same day the Surety Company assigned to McArthur Bros. Company the agreement with it of Mary Grage and all its rights thereunder. The assignment recites the consideration therefor as being the satisfaction of the judgment aforesaid, and three days later that judgment was satisfied of record. There is no claim that other consideration was paid for the satisfaction of the judgment than the assignment of the Grage agreement.

Appellant's contention is that the Grage agreement goes further than mere indemnity, and creates an absolute liability, complete in every particular, upon the rendition of the Pennsylvania judgment. A single clause of such agreement is advanced to support that contention. It reads as follows:

"Second: That said Mary Grage shall and will at all times indemnify and keep indemnified and save harmless the said company from and against all loss, damage, cost, charges, counsel fees and expense whatsoever which said company shall or may for any cause, at any time, sustain or incur by reason or in consequence of said company having executed or agreed to execute said instrument; and do further covenant and agree to pay to said company or its representatives all damages for which said company or its representatives shall become responsible upon the said bond or undertaking before said company or its representatives shall be compelled to pay the same, any sum so paid, however, to be applied to the payment of such damages. * * *"

If this agreement is simply one of indemnity, then the nonsuit was right, as there is no proof in the record that the Surety Company has suffered any loss whatever, and it affirmatively appears that there now remains no further liability against it upon this judgment. If, on the other hand, the agreement goes further and is an absolute promise

to pay, dependent only upon the arising of the liability against the. Surety Company by the rendition of the judgment, such an agreement is valid and enforceable.   See Maloney v. Nelson, 144 N. Y. 182, 39 N. E. 82.

The determination of the question depends upon the meaning given to the wording of the last phrase of the above question.   It is to be noted that the obligation to pay is by the express wording limited to payment preceding the time when the Surety Company is compelled to pay.   Up to this ·time the Surety Company has not been compelled to pay anything, and so far as appears from the record has not paid a dollar.   It is further to be noted that all that is paid to the Surety Company is to be devoted to the payment of the damages, which the Surety Company was obligated to pay.   This further evidences to me that the real purpose of the clause was to compel the indemnitor, Mary Grage to furnish to the Surety Company in advance the necessary funds with which to liquidate such damages as it might be compelled to pay under its bond.   If I am right in this construction, then the contract was purely one of indemnity, and, until such time as loss occurred to the Surety Company, there were no damages arising under the Grage agreement.

These views lead to the affirmance of the judgment, with costs.   All concur, except McLENNAN, P. J., and KRUSE, J., who dissent in a memorandum by KRUSE, J.

KRUSE, J. (dissenting).   If the Surety Company had paid the judgment to McArthur Bros. and then McArthur Bros. had paid the identical money back to the Surety Company, and received therefor the assignment of the indemnity agreement given by Mary Grage to the Surety Company, there would seem to be no doubt of the plaintiff's right to recover.   Although not done directly, that as it seems to me was the effect of the arrangement.   The purpose of the transaction was to enable the plaintiffs to recover directly their damages resulting from the default of the subcontractor of the person who had indemnified the Surety Company which was immediately liable to the plaintiffs. If the transaction does not have this effect, it may be very difficult for the plaintiff now to recover its damages against any one.   It seems to me that we can give effect to the intention of the parties, and that the defendants will not unjustly be harmed thereby.